# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendants | Civil Action No.: 4:18-cv-268<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Onscreen Dynamics, LLC ("Plaintiff") files this Complaint against Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (together "Defendants") seeking damages and other relief for patent infringement, and alleges with knowledge of its own acts, and on information and belief as to all other matters, as follows:

## PARTIES

1.　Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 717 N. Union Street, Wilmington, DE, 19805.

2.　Defendant Samsung Electronics Co. Ltd. is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

3. Samsung Electronics America is a corporation organized and existing under the laws of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660, and with offices at 1301 East Lookout Drive, Richardson, Texas 75082.

4. Defendants do business in Texas, directly or through intermediaries and offer their products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). Samsung Electronics and Samsung Electronics America maintain established places of business in the state of Texas and the Eastern District of Texas specifically, including an office at 1000 Klein Road, Plano, Texas 75075, and at 1301 East Lookout Drive, Richardson, Texas 75080, addresses that are specifically identified in the user manuals for Defendants' products. Samsung Electronics and Samsung Electronics America have not disputed this District's personal jurisdiction over them in other recent patent infringement actions. *See, e.g.*, Answer at ¶ 10, *Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428 (E.D. Tex. Oct. 20, 2017); Answer at ¶ 9, *Immersion Corp. v. Samsung Electronics America*, No. 16-cv-572 (E.D. Tex. Oct. 24, 2017).

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process or pursuant to the Texas Long Arm Statute because Defendants do substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of

conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

**COUNT I**
(Infringement of United States Patent No. 9,395,917)

8. Plaintiff incorporates the paragraphs above herein by reference.

9. On July 19, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Sergey Mavrody United States Patent No. 9,395,917 (the "'917 Patent") entitled "Electronic Display with a Virtual Bezel" on an application filed March 24, 2014 claiming priority to Provisional Application No. 61/804,713 filed March 24, 2013.

10. The '917 Patent is presumed valid.

11. Plaintiff is the sole owner of the '917 Patent holding all rights, title, and interests in the inventions and the patent. *See* USPTO Assignment Database Reel 044720 at Frame 0554.

12. The '917 Patent describes problems and shortcomings in the then-existing field of touchscreen electronic displays. *See, e.g.,* '917 Patent at col. 1, ll. 21–49.

13. The '917 Patent describes systems and methods that solved technical problems. Those problems included how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoid unintended actions. Those problems also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content on the touchscreen display. Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. *See, e.g.,* '917 Patent at col. 1, ll. 21–59.

14. The technological improvements described and claimed in the '917 Patent were not conventional or generic at the time of their invention, but rather required novel and non-obvious

solutions to problems and shortcomings in the art at the time. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 9, l. 41.

15. The inventions claimed in the '917 Patent cover more than just the performance of well-understood, routine or conventional activities known in the art. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 9, l. 41. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

16. The '917 Patent claims inventions that provide technological solutions to technological problems. The written description of the '917 Patent describes in technical detail each of the elements captured in the claims, including a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

17. The written description describes each of the elements such that persons of ordinary skill in the art understand what the claims and their elements cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon the art. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 9, l. 41. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

18. Technology leaders including Microsoft Technology Licensing LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '917 Patent as a reference at least 22 times. *See* https://patents.google.com/patent/US9395917B2/en (last

accessed March 23, 2018); 37 CFR 1.104, Nature of Examination ("the examiner must cite the best references at his or her command.").

19. Viewed in light of the specification of the '917 Patent, the claims are not directed to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

20. The claims of the '917 Patent are not directed to the use of an abstract mathematical formula. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

21. The claims of the '917 Patent are not directed to the use of a general-purpose computer. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

22. The claims of the '917 Patent are not directed to implementation of a mathematical formula. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

23.     The claims of the '917 Patent are not directed to generalized steps to be performed on a computer using conventional activity. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the '917 Patent were deemed novel and non-obvious, demonstrating (among other reasons) the non-conventionality of the technology described and claimed in the '917 Patent.

24.     The claims of the '917 Patent are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

25.     The claims of the '917 Patent do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

26.     The claims of the '917 Patent do not preempt the field of their inventions or preclude the use of other methods and systems because the claims recite specific elements that include more than the performance of well-understood, routine, and conventional activities previously known to the art. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active

touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

27. Each of the claims of the '917 Patent capture the improvements described or illustrated in the specification. For example, Claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

28. Defendants import, use, offer for sale, or sell in the United States electronic devices that include a display screen having a virtual bezel (collectively "Accused Infringing Devices") as claimed by the '917 Patent.

29. Those Accused Infringing Devices include but are not limited to the Samsung Galaxy S9, S9+, S8, S8+, and Note8 electronic devices. The Accused Infringing Devices identified above are examples that were identified based on publicly available information. Plaintiff reserves its right to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery and as Defendants introduce new infringing devices through the end of trial.

30. The Accused Infringing Devices include a display screen having a virtual bezel suitable for use as part of an electronic device where the display screen includes: (a) a virtual bezel area, having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user of the display screen, the virtual bezel area functioning to display a first portion of content on the display screen; (b) an active touchscreen region substantially disposed within the virtual bezel area, the active touchscreen region having a touchscreen layer with a second mode of response to the first set of touch-based inputs from the user of the display screen, the active touchscreen region functioning to display a second portion of the content on the display screen;

and (c) a gestural software application in communication with the display screen having a virtual bezel, the gestural software application functioning to produce the first mode of response in the virtual bezel area, wherein the first mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the second portion of the content on the active touchscreen region.  See attached claim chart, Exhibit A, provided as a curtesy to Samsung for notification purposes only.  *See also*:

- https://www.samsung.com/us/smartphones/galaxy-s9/augmented-reality/ (last accessed March 27, 2018).
- https://www.samsung.com/us/smartphones/galaxy-s9/ (last accessed March 28, 2018).
- http://www.samsung.com/global/galaxy/galaxy-s8/m (last accessed March 24, 2018);
- http://www.samsung.com/global/galaxy/galaxy-s8/specs/ (last accessed March 24, 2018); and
- http://www.samsung.com/global/galaxy/galaxy-s8/design/ (last accessed March 24, 2018).

31.   Defendants have infringed, and continue to infringe, at least Claim 1 of the '917 Patent in the United States by making, using, offering for sale, selling, or importing the Accused Infringing Devices in violation of 35 U.S.C. §271(a).

32.   Defendants have also infringed, and continue to infringe, at least Claim 1 of the '917 Patent by offering to commercially distribute, commercially distributing, or importing the Accused Infringing Devices, which perform a process or use an apparatus claimed by the '917 Patent.

33.   Defendants have also infringed, and continue to infringe, at least Claim 1 of the '917 Patent by actively inducing others to use, offer for sale, or sell the Accused Infringing

Devices. Defendants' customers who use those devices in accordance with Defendants' instructions infringe at least Claim 1 of the '917 Patent, in violation of 35 U.S.C. §271(a). Defendants intentionally instruct its customers to infringe the '917 Patent through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- https://www.samsung.com/us/smartphones/galaxy-s9/augmented-reality/ (last accessed March 27, 2018).

- https://www.samsung.com/us/smartphones/galaxy-s9/ (last accessed March 28, 2018).

- http://www.samsung.com/global/galaxy/galaxy-s8/ (last accessed March 23, 2018);

- http://www.samsung.com/global/galaxy/galaxy-s8/how-to/search-bixby-vision/ (last accessed March 23, 2018); and

- https://ss7.vzw.com/is/content/VerizonWireless/Devices/Samsung/UserGuides/samsung-galaxy-s8-ug.pdf (last accessed March 23, 2018).

34. Defendants also induce infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices. Defendants are thereby liable for infringement of the '917 Patent under 35 U.S.C. §271(b).

35. Defendants offer to commercially distribute and import a component of a patented apparatus or for use in practicing a process claimed by the '917 Patent, where that component is a material part of the claimed invention, knowing the component to be especially made or especially adapted for use in infringing the '917 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants thereby are liable for infringement of the '917 Patent under 35 U.S.C. §271(c).

36. Defendants will have been on notice of the '917 Patent since, at the latest, the service or filing of this Complaint. Long before the time of resolution, Defendants will have

known and intended that their continued actions would actively induce and contribute to the infringement of at least Claim 1 of the '917 Patent.

37. Plaintiff has been damaged by Defendants' infringement of the '917 Patent.

## COUNT II
(Infringement of United States Patent No. 9,645,663)

38. Plaintiff incorporates the paragraphs above herein by reference.

39. On May 9, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Sergey Mavrody United States Patent No. 9,645,663 (the "'663 Patent") entitled "Electronic Display with a Virtual Bezel" on an application filed July 15, 2016 as a Continuation of Patent Application 14/224,049 (which issued as the '917 Patent) and claiming priority to Provisional Application No. 61/804,713 filed March 24, 2013.

40. The '663 Patent is presumed valid.

41. Plaintiff is the sole owner of the '663 Patent holding all rights, title, and interests in the inventions and the patent. See USPTO Assignment Database Reel 044720 at Frame 0554.

42. The '663 Patent describes problems and shortcomings in the then-existing field of touchscreen electronic displays. *See, e.g.,* '663 Patent at col. 1, ll. 21–53.

43. The '663 Patent describes systems and methods that solved technical problems. Those problems included how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoiding unintended actions. Those problem also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content on the touchscreen display. Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. *See, e.g.,* '663 Patent at col. 1, ll. 21–59.

44. The technological improvements described and claimed in the '663 Patent were not conventional or generic at the time of their invention, but rather required novel and non-obvious solutions to problems and shortcomings in the art at the time. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 9, l. 41. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the '663 Patent were deemed novel and non-obvious, demonstrating (among other reasons) the non-conventionality of the technology described and claimed in the '663 Patent.

45. The inventions claimed in the '663 Patent cover more than just the performance of well-understood, routine, or conventional activities known in the art. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 9, l. 41. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

46. The '663 Patent claims inventions that provide technological solutions to technological problems. The written description of the '663 Patent describes in technical detail each of the elements of the claims, including a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

47. The written description describes the elements of the claims such that persons of ordinary skill in the art understand what the claims cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon the art. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 9, l. 41.

48. Technology leaders including Microsoft Technology Licensing LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '663 Patent family as a best reference 22 times. *See* https://patents.google.com/patent/ US9645663B2/en (last accessed March 23, 2018); 37 CFR 1.104, Nature of Examination ("the examiner must cite the best references at his or her command.").

49. Viewed in light of the specification of the '663 Patent, the claims are not directed to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

50. The claims of the '663 Patent are not directed to the use of an abstract mathematical formula. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

51. The claims of the '663 Patent are not directed to the use of a general-purpose computer. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

52. The claims of the '663 Patent are not directed to implementation of a mathematical formula. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663

Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

53. The claims of the '663 Patent are not directed to generalized steps to be performed on a computer using conventional activity. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

54. The claims of the '663 Patent are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

55. The claims of the '663 Patent do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

56. The claims of the '663 Patent do not preempt the field of their inventions or preclude the use of other methods and systems because the claims recite specific elements that include more than the performance of well-understood, routine, and conventional activities previously known to the art. *See, e.g.,* '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an

active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

57. The claims of the '663 Patent capture the technological improvements described and illustrated in the specification. For example, Claim 14 of the '663 Patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

58. Defendants import, use, offer for sale, or sell in the United States electronic devices that include a display screen having a virtual bezel (collectively "Accused Infringing Devices") as claimed by the '663 Patent.

59. Those Accused Infringing Devices include but are not limited to the Samsung Galaxy S9, S9+, S8, S8+, and Note8 electronic devices. The Accused Infringing Devices identified above are examples that were identified based on publicly available information. Plaintiff reserves its right to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery and as Defendants introduce new infringing devices through the end of trial.

60. The Accused Infringing Devices include handheld interactive electronic devices having a virtual bezel display screen, the virtual bezel display screen including: (a) an active touchscreen region having a touchscreen layer with a first mode of response to touch-based inputs from a user of the electronic device, the active touchscreen region configured to display a first portion of the content on the virtual bezel display screen; and (b) a virtual bezel region along one or more edges of the display screen and adjacent to the active touchscreen region, the virtual bezel region having a touchscreen layer with a second mode of response to touch-based inputs from a user of the electronic device, the virtual bezel region configured to display a second portion of

content on the display screen; wherein the second mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the first portion of the content on the active touchscreen region. See claim chart, Exhibit B. *See also*:

- https://www.samsung.com/us/smartphones/galaxy-s9/augmented-reality/ (last accessed March 27, 2018).
- https://www.samsung.com/us/smartphones/galaxy-s9/ (last accessed March 28, 2018).
- http://www.samsung.com/global/galaxy/galaxy-s8/m (last accessed March 24, 2018);
- http://www.samsung.com/global/galaxy/galaxy-s8/specs/ (last accessed March 24, 2018); and
- http://www.samsung.com/global/galaxy/galaxy-s8/design/ (last accessed March 24, 2018).

61. Defendants have infringed, and continue to infringe, at least Claim 14 of the '663 Patent in the United States by making, using, offering for sale, selling, or importing the Accused Infringing Devices in violation of 35 U.S.C. §271(a).

62. Defendants have also infringed, and continue to infringe, at least Claim 14 of the '663 Patent by offering to commercially distribute, commercially distributing, or importing the Accused Infringing Devices, which perform a process or use an apparatus claimed by the '663 Patent.

63. Defendants have also infringed, and continue to infringe, at least Claim 14 of the '663 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. Defendants' customers who use those devices in accordance with Defendants' instructions infringe at least Claim 14 of the '663 Patent, in violation of 35 U.S.C. §271(a).

Defendant intentionally instructs its customers to infringe the '663 Patent through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- https://www.samsung.com/us/smartphones/galaxy-s9/augmented-reality/ (last accessed March 27, 2018).

- https://www.samsung.com/us/smartphones/galaxy-s9/ (last accessed March 28, 2018).

- http://www.samsung.com/global/galaxy/galaxy-s8/ (last accessed March 23, 2018);

- http://www.samsung.com/global/galaxy/galaxy-s8/how-to/search-bixby-vision/ (last accessed March 23, 2018); and

- https://ss7.vzw.com/is/content/VerizonWireless/Devices/Samsung/UserGuides/samsung-galaxy-s8-ug.pdf (last accessed March 23, 2018).

64. Defendants also induce infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices. Defendants are thereby liable for infringement of the '663 Patent under 35 U.S.C. §271(b).

65. Defendants offer to commercially distribute and import a component of a patented apparatus or for use in practicing a process claimed by the '663 Patent, where that component is a material part of the claimed invention, knowing the component to be especially made or especially adapted for use in infringing the '663 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants thereby are liable for infringement of the '663 Patent under 35 U.S.C. §271(c).

66. Defendants will have been on notice of the '663 Patent since, at the latest, the service or filing of this Complaint. Long before the time of resolution, Defendants will have known and intended that their continued actions would actively induce and contribute to the infringement of at least Claim 14 of the '663 Patent.

67. Plaintiff has been damaged by Defendants' infringement of the '663 Patent.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendants have infringed one or more claims of the '917 Patent literally or under the doctrine of equivalents;

B. Enter judgement that Defendants have induced infringement and continue to induce infringement of one or more claims of the '917 Patent;

C. Enter judgement that Defendants have contributed to and continue to contribute to infringement of one or more claims of the '917 Patent;

D. Enter judgment that Defendants have infringed one or more claims of the '663 Patent literally or the doctrine of equivalents;

E. Enter judgement that Defendants have induced infringement and continue to induce infringement of one or more claims of the '663 Patent;

F. Enter judgement that Defendants have contributed to and continue to contribute to infringement of one or more claims of the '663 Patent;

G. Award Plaintiff past and future damages, to be paid by Defendants, in an amount no less than a reasonable royalty and adequate to compensate Plaintiff for such past and future damages, and an accounting for all acts of infringement not presented at trial; together with pre-judgment and post-judgment interest for Defendants' infringement of the '917 Patent and the '663 Patent through the date that such judgment is entered in accordance with 35 U.S.C. §284; and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

H. Declare this case exceptional under 35 U.S.C. §285; and

I.  Award Plaintiff its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 16, 2018                                Respectfully Submitted

*/s/ Craig S. Jepson*
Craig S. Jepson
Texas State Bar No. 24061364
cjepson@tlgiplaw.com
Aakash S. Parekh
Texas State Bar No. 24059133
aparekh@tlgiplaw.com

TOLER LAW GROUP, PC
8500 Bluffstone Cove, Suite A201
Austin, Texas 78759
Tel. (512) 327-5515
Fax (512) 327-5575

DEVLIN LAW FIRM LLC
Timothy Devlin (*Pro Hac Vice* motion to be filed)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

**ATTORNEYS FOR PLAINTIFF**